UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERYN GREGSON,

    Plaintiff,

v.

                        Case No. 3:24-cv-254-TJC-SJH

PGA TOUR, INC.,

    Defendant.

## O R D E R

**THIS CASE** is before the Court on Defendant's Motion to Dismiss Count II of Plaintiff's Complaint, Doc. 20. Plaintiff, Teryn Gregson, has sued her former employer, PGA Tour, Inc., alleging she was improperly terminated and that PGA discriminated against her based on religion. The only issue raised in the motion to dismiss is whether the retaliation claim should be dismissed for failure to exhaust administrative remedies.

**I.    BACKGROUND**

PGA employed Gregson starting in May 2016 as a host, reporter, producer and event emcee. Doc. 1 ¶13. During her employment, she was assigned to work with the PGA's digital content team, in St. Augustine, FL. Doc. 1 ¶14. The COVID-19 pandemic impacted PGA events and Gregson's job. See Doc 1 ¶28. Gregson worked remotely for about 19 months. Doc. 1 ¶32.

In 2021, PGA began the process of having employees return to work on-site. Doc. 1 ¶46. Employees who were not vaccinated could request a medical or religious exemption, and Gregson did so. See Doc. 1 ¶¶49-50. Gregson's religious exemption was granted on October 15, 2021, but because she was not vaccinated, she would be required to do weekly testing and wear a mask. Doc. 1 ¶50.

Gregson, who was pregnant with her second child, requested another religious exemption from the masking and testing requirements, suggesting that she be allowed to work remotely until after her child was born and her parental leave completed. Doc. 1 ¶¶51-52. PGA denied this request and ultimately terminated Gregson on November 12, 2021. Doc. 1 ¶¶52, 65.

On December 22, 2021, Gregson, without an attorney, dual-filed a charge with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, alleging violations of Title VII and the Florida Civil Rights Act.[1] Doc. 20-1; Doc. 26 at 2. In her charge, the box for religion is checked, but not the box for retaliation. See Doc. 20-1. Gregson's charge indicated the most recent discrimination took place on November 12, 2021. The charge description states PGA "terminated [Gregson] because [it] would not honor her religious exemption" request. Doc. 20-1.

---

[1] The charge was investigated by the FCHR, but Gregson's complaint only raises Title VII claims.

2

## II. ANALYSIS

### A. Standard

In evaluating a motion to dismiss, the Court will assume any non-conclusory factual allegations are true. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). A motion to dismiss may be granted "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### B. Requirement to Exhaust Administrative Remedies

To bring claims under Title VII, a plaintiff must exhaust administrative remedies by filing an administrative charge. See Gregory v. Ga. Dep't of Hum. Res., 355 F.3d 1277, 1278–80 (11th Cir. 2004). Judicial claims are limited by the scope of the underlying administrative charge. See Batson v. Salvation Army, 897 F.3d 1320, 1327 (11th Cir. 2018); Gregory, 355 F.3d at 1279–80. Even so, "the scope of an EEOC complaint should not be strictly interpreted," and courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [discrimination statutes]." Batson, 897 F.3d at 1327 (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 465 (5th Cir. 1970)). [2]

---

[2] See Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981).

Accordingly, courts liberally construe charges, especially when prepared without the assistance of counsel. Batson, 897 F.3d at 1328 (citing Gregory, 355 F.3d at 1280).

"To determine whether a plaintiff has exhausted her administrative remedies . . . the 'proper inquiry' is whether the '[plaintiff's] complaint [is] like or related to, or grew out of, the allegations contained in [the] EEOC charge.'" Batson, 897 F.3d at 1328 (quoting Gregory, 355 F.3d at 1280) (alteration in original). In making this determination, courts typically consider the following: (i) types of discrimination identified ("is the box checked?"); (ii) types of discrimination described in charge (regardless of legal label); and (iii) dates of discrimination. See generally Batson, 897 F.3d at 1328.

### C. Retaliation Claim

PGA argues Gregson's retaliation claim, Count II, should be dismissed for failure to exhaust administrative remedies. Gregson did not specifically mention "retaliation" in the charge discrimination statement and did not check the box on the charge form to indicate retaliation was one of her claims.[3]

---

[3] PGA makes several arguments based on what occurred (or did not occur) during the agency process and then argues that Gregson improperly "relies on factual allegations . . . made during the administrative proceedings" that were not part of the charge. Compare Doc. 20 at 3-8, with Doc. 37 at 1. In ruling on the motion to dismiss, the Court does not rely on what occurred in the agency process. The relevant question is whether a retaliation claim is reasonably indicated from the charge contents. Gregory, 355 F.3d at 1280.

4

Determining whether a claim is reasonably related to or grows out of a charge is based on multiple factors.

The facts here are very similar to the facts in Gregory. Gregory filed her charge without an attorney after her termination. Gregory, 355 F.3d at 1278-79. The charge mentioned her termination but did not specifically mention a retaliation claim and did not check the retaliation box. Id. The charge description said no termination reason was provided and others were treated more favorably. Id. at 1279. The Eleventh Circuit held "the facts alleged in her EEOC charge could have reasonably been extended to encompass a claim for retaliation because they were inextricably intertwined" with her other claims. Id. at 1280.

There is no dispute that Gregson's termination is part of her charge. Gregson stated she was terminated because her request for a religious exemption was not granted. The complaint provides more detail, clarifying that the termination occurred shortly after the second request for accommodation (to not mask and test). A plaintiff may establish a prima facie case of retaliation by showing: (1) she engaged in statutorily protected activity, (2) she was adversely affected by an employment decision and (3) there was a causal connection between the statutorily protected conduct and the adverse employment action. Drago v. Jenne, 453 F.3d 1301, 1307 (11th Cir. 2006). For the purposes of a motion to dismiss, Gregson's charge has enough to satisfy

5

requirements of protected activity, an adverse employment action, and a possible causal connection. Moreover, at the time of her charge, Gregson was proceeding pro se, and is entitled to a liberal construction of what claims the charge entailed.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss Count II of Plaintiff's Complaint, Doc. 20, is **DENIED**.

2. Defendant shall answer the complaint no later than **January 17, 2025**.

**DONE AND ORDERED** in Jacksonville, Florida the 30th day of December, 2024.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Counsel of record